United States District Court

For the

Eastern District of Michigan

AF Holdings LLC,

    Plaintiff

v.

Vaden Cook

    Defendant

Case No. 2:12-cv-14455-sfc-drg

**FILED**

NOV 14 2012

CLERK'S OFFICE-DETROIT
U.S. DISTRICT COURT

---

DEFENDANTS ANSWER AND COUNTERCLAIM

Defendant, Vaden Cook, by way of Answer to the complaint of Af Holdings, LLC (the "Plaintiff"), says:

Nature of the Case

1. Defendant denies that Plaintiff has any cause(s) of action against Defendant under the United States Copyright Act of 1976 or under any other legislation or at common law.

Parties

2. Defendant has no knowledge of these facts and can neither confirm nor deny and leaves Plaintiff to its proofs.

3. Defendant has no knowledge of any movies referred to by Plaintiff.

4. Defendant denies the allegations of this paragraph. Even if the IP address in question (71.238.204.59) was associated with the high-speed router located in Defendant's home on or about May 11, 2011, that fact alone would not give rise to jurisdiction over Defendant's person. An IP address is not a person but a designation assigned to a piece of technology, which can be accessed by multiple individuals; in addition, in a process commonly known as "spoofing" an IP address can be stolen or misused as follows: other devices can be configured with the same IP address or an individual can utilize technology to make his or her own IP address to appear to be another IP address.

## JURISDICTION AND VENUE

5. Defendant denies that Plaintiff has any cause of action against; however, he admits that this court has subject matter jurisdiction over matters involving federal questions and copyrights.

6. Defendant denies the allegations in this paragraph. Defendant admits the court has jurisdiction over matters involving federal questions and copyrights.

7. Defendant denies the allegations of this paragraph, except to admit that he is a resident of the Township of Oceola, County of Livingston, and State of Michigan.

## BACKGROUND

8. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

9. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

10. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

11. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

12. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

13. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

14. Defendant denies the allegations in this paragraph.

15. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

16. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

17. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

## ALLEGATIONS COMMON TO ALL COUNTS

18. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs.

19. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs.

20. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs.

21. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs.

22. Defendant denies the allegations of this paragraph.

23. Defendant denies the allegations of this paragraph. Defendant opened a Comcast account on or about March of 2012, nearly 9 (nine) months after the alleged copyright infringement.

24. Defendant denies the allegations of this paragraph.

## COUNT I- COPYRIGHT INFRIGEMENTS—REPRODUCTION

(17 U.S.C. 106(1))

25. Defendant's denials and statements in response to paragraphs 1-24 are hereby incorporated as though fully set forth herein.

26. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs. Defendant also disputes the validity of Plaintiff's alleged copyrights as a matter of law.

27. Defendant denies the allegations of this paragraph.

28. Defendant has no knowledge as to Plaintiff's offers to purchase the Video. However, by uploading them to the internet as they allege they have done in this Complaint, they implicitly authorized public access, downloading, copying, distributing, and other use of their Works. Defendant denies having participated in any activity by which Plaintiff's alleged copyrights were infringed.

29. Defendant denies the allegations in this paragraph.

30. Defendant denies the allegations of this paragraph.

31. Defendant denies the allegations of this paragraph. Defendant has not engaged in any activity that would harm the Plaintiff or in any way give rise to a cause of action as claimed herein or in any other manner.

32. Defendant denies the allegations of this paragraph.

33. Defendant denies the allegations of this paragraph.

34. Defendant denies the allegations of this paragraph.

35. Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant respectfully requests that the Court:

(A) Find the Plaintiff's Complaint is entirely without merit; and

(B) Immediately dismiss Plaintiff's Complaint, with prejudice; and

(C) Award Defendant his reasonable fees and costs of suit; and

(D) Grant Defendant such other and further relief as the Court may deem equitable and just.

36. Defendant's denials and statements in response to paragraphs 1-35 are hereby incorporated as though fully set forth herein.

37. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs. Defendant also disputes Plaintiff's alleged copyrights as a matter of law.

38. Defendant denies the allegations of this paragraph.

39. Defendant has no knowledge as to the Plaintiff's explicit authorization or permission as to any downloads of the Works in question. However, by uploading them to the internet as they allege they have done in this Complaint, they implicitly authorized public access, downloading, copying, distributing, and other use of their Works. Defendant denies having participated in any activity by which Plaintiff's alleged copyrights were infringed.

40. Defendant denies the allegations of this paragraph.

41. Defendant denies the allegations of this paragraph.

42. Defendant denies the allegations of this paragraph.

43. Defendant denies the allegations of this paragraph.

44. Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant respectfully requests that the Court:

(A) Find the Plaintiff's Complaint is entirely without merit; and

(B) Immediately dismiss Plaintiff's Complaint, with prejudice; and

(C) Award Defendant his reasonable fees and costs of suit; and

(D) Grant Defendant such other and further relief as the Court may deem equitable and just.

COUNT III—CONTRIBUTORY INFRINGEMENT

COUNT II—COPYRIGHT INFRINGEMTN—DISTRIBUTION

45. Defendant's denials and statements in response to paragraphs 1-44 are hereby incorporated as though fully set forth herein.

46. Defendant denies the allegations of this paragraph.

47. Defendant denies the allegations of this paragraph.

48. Defendant denies the allegations of this paragraph.

49. Defendant denies the allegations of this paragraph.

50. Defendant denies the allegations of this paragraph.

51. Defendant denies the allegations of this paragraph.

52. Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant respectfully requests that the Court:

(A) Find the Plaintiff's Complaint is entirely without merit; and

(B) Immediately dismiss Plaintiff's Complaint, with prejudice; and

(C) Award Defendant his reasonable fees and costs of suit; and

(D) Grant Defendant such other and further relief as the Court may deem equitable and just.

COUNT IV—CIVIL CONSPIRACY

53. Defendant's denials and statements in response to paragraphs 1-52 are hereby incorporated as though fully set forth herein.

54. Defendant denies the allegations of this paragraph.

55. Defendant denies the allegations of this paragraph.

56. Defendant denies the allegations of this paragraph.

57. Defendant denies the allegations of this paragraph.

58. Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant respectfully requests that the Court:

(A) Find the Plaintiff's Complaint is entirely without merit; and

(B) Immediately dismiss Plaintiff's Complaint, with prejudice; and

(C) Award Defendant his reasonable fees and costs of suit; and

(D) Grant Defendant such other and further relief as the Court may deem equitable and just.

## AFFIRMATIVE DEFENSE

### FIRST AFFIRMATIVE DEFENSE

#### (Failure To State a Claim for Relief)

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Lack of Subject Matter Jurisdictional Failure to Register)

Plaintiff's claims are barred for a lack of subject matter jurisdiction because it lacks valid copyright registrations for the intellectual property rights asserted or has not properly or timely registered its works

### THIRD AFFIRMATIVE DEFENSE

#### (Lack of Originality)

Plaintiff's works lack originality and are thus not protectable by copyright.

### FOURTH AFFIRMATIVE DEFENSE

#### (Invalidity or Unenforceability of Copyright)

Plaintiff's copyrights are invalid and/or unenforceable.

### FIFTH AFFIRMATIVE DEFENSE

#### (Fair Use)

Plaintiff's claims are barred by the doctrine of fair use.

### SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff's claims are barred by waiver.

### EIGHTH AFFIRMATIVE DEFENSE

(Authorized Use)

Plaintiff authorized, implicitly or explicitly, Defendant's allegedly infringing use of its works, and Plaintiff's claims are therefore barred by the doctrine of implied license.

### NINTH AFFIRMATIVE DEFENSE

(License, Consent, and Acquiescence)

Plaintiff's claims are barred by Plaintiff's license, consent, and acquiescence to Defendant.

### TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

To the extent Plaintiff suffered any damages, which Defendant expressly denies; Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

### ELEVENTH AFFIRMATIVE DEFENSE

(Misuse of Copyright)

Plaintiff's claims are barred by the doctrine of misuse of copyright.

### TWELFTH AFFIRMATIVE DEFENSE

(Innocent Intent)

Plaintiff's claims are barred, in whole, or in part, because Defendant conduct was in good faith and with non-willful intent, at all times.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutionally Excessive Damages)

Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Injunctive Relief)

Plaintiff is not entitled to injunctive relief because an alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

Pursuant to FRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing Defendant's Answer, and therefore Defendant reserves the right to amend its answer to allege affirmative defenses, if subsequent investigation so warrants.

## CERTIFICATION OF SERVICE

I, Vaden Cook, hereby certify that on Novemeber 13th, 2012, I caused this Answer to be filed with the Clerk of the Court by U.S. Mail, Priority Delivery Confirmation, at the following address:

Clerk's Office

Theodore Levin United States District Courthouse

231 West Lafayette Boulevard,

Detroit, Michigan

48226

On the same date, I served a copy of this Answer upon Plaintiff by U.S. Mail, Priority Delivery with Delivery Confirmation, at the following address:

Jonathan W. Tappan

2549 Somerset Blvd.

No. 102

Troy, MI

48084

_____

Vaden Cook

Defendant *pro se*

Dated: Novemeber 13th, 2012

6205 Golf Club Rd,
Howell, MI
48843



Clerk's Office
Theodore Levin U.S. District Courthouse
231. West Lafayette Boulevard Room 564
Detroit, MI
48226

FIRST CLASS PARCEL